IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH LEE LEWIS, #213 739, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-903-WKW |
| | ) | [WO] |
| WARDEN I, RENE MASON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, when he filed this *pro se* 42 U.S.C. § 1983, alleges that Defendant-Warden Rene Mason– failed to protect him from an inmate assault in November 2015. He further complains that he received two disciplinary infractions for allegedly lying about using a cell phone, but maintains he admitted to prison officials he used a cell phone to call a family member for assistance after he was assaulted. Plaintiff requests he immediately be segregated and transferred from the Bullock Correctional Facility, the disciplinaries he received for lying be dismissed, and there be an investigation into inmate abuse and neglect by correctional officials. Doc. #1.

Defendant filed a motion to dismiss the complaint as moot. Doc. #15. The court granted Plaintiff an opportunity to file a response to Defendant's dispositive motion. Doc. #17. Plaintiff filed no response to the motion. This case is now pending on Defendant's dispositive motion.

**I. DISCUSSION**

Plaintiff is no longer incarcerated at the Bullock Correctional Facility which is where he was incarcerated when he filed the complaint. Since filing this action he has been transferred to the Elmore Correctional Facility in Elmore, Alabama. Based on Plaintiff's complaint and the

specific relief sought, the undersigned concludes Plaintiff's complaint against Defendant Mason is due to be dismissed as moot. *See* Doc. #15.

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot. *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by developments" subsequent to filing of the complaint.). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) (citations omitted), the Eleventh Circuit Court of Appeals determined "[a] case is moot when the issues presented are no

longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation." *See also Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Lewis,* 494 U.S. at 477.

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id*.; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (citation omitted) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'"). In the context of a § 1983 action filed by a prisoner, such as this, a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A] n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Plaintiff is no longer an inmate at Bullock, having been transferred to another correctional institution during the pendency of this action. He is, therefore, no longer subject to the conditions about which he complains when he filed the instant matter. There is no indication Plaintiff will be

returned to Bullock, much less be returned in the immediate future. "'Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.'" *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985), quoting *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir.  1984). Absent is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *See Id.* (finding that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

In light of the foregoing, the court finds Plaintiff's complaint against Defendant Mason is now moot. Because there is no present case or controversy to support the court's jurisdiction over Plaintiff's claims against this Defendant, Defendant's motion to dismiss the complaint as moot is due to be granted, and the complaint is due to be dismissed without prejudice for lack of jurisdiction.

## II. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant's motion to dismiss (Doc. #15) be GRANTED;

2.  Plaintiff's complaint be DISMISSED without prejudice for lack of jurisdiction; and

3.  No costs be taxed.

It is further

ORDERED that **on or before June 6, 2016**, the parties may file any objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 20th day of May 2016.


 /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE